IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VIVIAN SARPONG,<br><br>    Plaintiff,<br><br>v.<br><br>E.N. BANKS-WARE LAW FIRM, LLC and E. NOREEN BANKS-WARE,<br><br>    Defendants. | Civil Action No. _____<br><br><br>JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiff Vivian Sarpong ("Plaintiff") files this Complaint against Defendants E.N. Banks Ware Law Firm, LLC and E. Noreen Banks-Ware (collectively "Defendants"). Defendants employed Plaintiff as a Paralegal, and violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA") by misclassifying her as an exempt employee and failing to pay her overtime wages mandated by the FLSA. Plaintiff shows the Court as follows:

## NATURE OF THE ACTION

1. Plaintiff asserts violations of the FLSA and specifically claims that Defendants misclassified her as an exempt employee under the FLSA and failed to

pay her overtime wages when she regularly worked in excess of forty (40) hours per week.  Plaintiff alleges that she is entitled to (i) unpaid overtime wages; (ii) liquidated damages; (iii) interest; and (iv) attorneys' fees and costs.

## JURISDICTION AND VENUE

2. This court has federal question jurisdiction over Plaintiff's FLSA claims, pursuant to 28 U.S.C. § 1331.

3. Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1 (B)(3), venue is proper in this Court because the unlawful employment practices described herein were committed within the Atlanta Division of the Northern District of Georgia.

## PARTIES

4. Plaintiff is a citizen of the United States of America and a resident of the State of Georgia; she submits herself to the jurisdiction of this Court.

5. Defendants employed Plaintiff from approximately January 2016 to September 3, 2019 in Dekalb County, Georgia.

6. Defendant E.N. Banks Ware Law Firm, LLC is a Georgia limited liability company with its principal place of business at 3636 Panola Rd. Ste A, Lithonia, Georgia 30038-2733.  Defendant regularly does business in the Northern District of Georgia.

7. Defendant E.N. Banks Ware Law Firm, LLC may be served with process through its registered agent, E. Noreen Banks-Ware, 3636 Panola Rd. Ste A, Lithonia, Georgia 30038-2733.

8. Defendant E. Noreen Banks-Ware may be served with process via personal service.

9. Defendants are governed by and subject to 29 U.S.C. § 207.

10. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201 *et seq*.

11. At all relevant times, Defendants have employed and continue to employ employees, including Plaintiff, who engage or engaged in interstate commerce or in the production of goods for commerce.

12. At all relevant times, Defendants had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any reason" as defined in 29 U.S.C. § 203(s)(1)(A).

13. At all relevant times, in order to perform her job duties for Defendants, Plaintiff was required to regularly use the internet, mail and telephone.

14. At all relevant times, Defendants' employees, including Plaintiff, have handled or otherwise used materials that have been moved or produced in interstate commerce, which were used in the course of Defendants' business operations.

15. Defendants advertise on the internet (including a website and Facebook), and communicate via mail, email, text and telephone outside of the State of Georgia.

16. At all relevant times, Defendants have had an annual gross volume of sales made or business done in excess of $500,000.

17. At all relevant times, Defendants had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

18. At all relevant times, Defendants were "employers" of Plaintiff as that term is defined by 29 U.S.C. § 203(d).

19. At all relevant times, Defendant E. Noreen Banks-Ware asserted control of Defendant E.N. Banks-Ware Law Firm, LLC's day-to-day operations at the location where Plaintiff worked, had direct responsibility for the supervision of Plaintiff, and made the decision not to pay Plaintiff the overtime compensation required by the FLSA, and is therefore an employer within the meaning of the FLSA, 42 U.S.C. § 203(d).

## STATEMENT OF FACTS

20. Defendants employed Plaintiff from approximately January 2016 to September 3, 2019. Throughout Plaintiff's employment, her title was Paralegal. During her employment, Defendant also required Plaintiff to perform other ministerial tasks as needed, such as secretarial work.

21. Plaintiff worked for Defendants at their legal office located in Lithonia, Georgia.

22. Defendants offer a variety of legal services, which include the areas of child custody, child support, divorce, personal injury, contract and probate law.

23. When Plaintiff began her employment in January 2016 as a Paralegal, Plaintiff's job duties included maintaining the calendar, and preparing discovery and pleading documents.

24. Approximately five to six months after working for Defendants, Plaintiff additionally took on secretarial job duties, which included answering phones, acting as an intermediary with clients, and billing.

25. Plaintiff reported to E. Noreen Banks-Ware, who, at all relevant times, held the title of Principal and Attorney.

26. Plaintiff was not customarily or regularly engaged away from Defendants' place of business.

27. Plaintiff's primary duty was not to manage the operations of Defendants' law firm.

28. During her employment with Defendants, Plaintiff was not empowered to, and did not, exercise discretion and independent judgement with respect to matters of significance. Whenever important decisions needed to be made, Defendant E. Noreen Banks-Ware made those decisions.

29. Notwithstanding Plaintiff's non-exempt job duties, Defendants misclassified Plaintiff as an exempt employee under the FLSA and paid her a set salary.

30. As a Paralegal, Plaintiff typically worked five (5) days a week, Monday through Friday.

31. Plaintiff's job as Paralegal required her to work long hours, including early mornings and late night, and on occasion, weekends.

32. Plaintiff typically worked approximately 45 hours per week throughout her employment, and frequently worked more hours than that.

33. Defendants frequently required Plaintiff to do work before the office was open, including while Plaintiff was still at home.

34. Defendants imposed a heavy workload upon Plaintiff which often required her to work 9-10 hours per day, frequently foregoing breaks.

35. Defendants did not pay Plaintiff overtime wages at a rate of one of one-half her regular rate when she worked in excess of 40 hours per workweek.

36. Merely by way of example, from April 29, 2019 to May 5, 2019, and May 6, 2019 to May 12, 2019, Plaintiff worked well in excess of 40 hours each workweek and Defendants did not pay her overtime compensation.

37. Defendants were, or should have been, aware that the FLSA requires them to pay non-exempt employees overtime for all hours worked in excess of 40 hours per workweek.

38. Defendants' failure to pay Plaintiff the overtime required by the FLSA was willful and was not in good faith.

39. Defendants failed to maintain accurate records of the time worked by Plaintiff, in violation of the FLSA.

40. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of overtime wages for all hours worked in excess of 40 hours per week, and is entitled to recovery of such amounts, liquidated damages, interest, attorneys' fees and costs.

## COUNT ONE
## Willful Failure to Pay Overtime Wages in Violation of the FLSA

41. Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

42. At all relevant times, Defendants were, and continue to be, employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

43. The overtime wage provisions set forth in the FLSA apply to Defendants and protect Plaintiff.

44. The FLSA requires employers, such as Defendants to compensate employees at an overtime rate of one-and-one-half their regular rate for all hours worked in excess of 40 per week.

45. Throughout Plaintiff's employment with Defendants, Defendants misclassified Plaintiff as exempt under the FLSA when, in reality, her job did not meet the requirements for any FLSA exemption.

46. The applicable federal regulations specifically provide that paralegals and legal assistants "generally do not qualify as exempt learned professionals because an advanced specialized academic degree is not a standard prerequisite for entry into the field." 29 C.F.R. § 541.301(e)(7). The United States Department of Labor has issued express guidance on the non-exempt status of paralegals. *See, e.g.,* FLSA2005-54.

47. Plaintiff routinely worked for Defendants in excess of 40 hours per week.

48. Plaintiff typically worked approximately 45 hours per week throughout her employment, and frequently worked more hours than that.

49. Defendants engaged in a routine practice of violating the FLSA by misclassifying Plaintiff as an exempt employee and failing to pay Plaintiff overtime wages for all hours worked in excess of 40 hours per week.

50. Defendant failed to maintain accurate records of Plaintiff's time worked, in violation of the FLSA.

51. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

52. Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

53. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages for each workweek within the limitations period, and any additional and equal amount of liquidated damages for Defendants' violations of the FLSA, interest, and reasonable attorneys' fees and costs of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY and the following relief:

a) A declaratory judgement that the Defendants' practices complained of herein are unlawful under the FLSA;

b) An award of unpaid overtime wages due under the FLSA;

c) An award of liquidated damages;

d) An award of prejudgment and post-judgment interest;

e) An award of costs and expenses of this action, including reasonable attorneys' and expert fees; and

f) Such other and further relief as the Court deems proper.

Dated this 21st day of November 2019.

                                              Respectfully submitted,

                                              */s/ Justin M. Scott*
                                              Justin M. Scott
                                              Georgia Bar No. 557463
                                              SCOTT EMPLOYMENT LAW, P.C.
                                              246 Sycamore Street
                                              Suite 150
                                              Decatur, Georgia 30030
                                              Telephone: 678.780.4880
                                              Facsimile: 478.575.2590
                                              jscott@scottemploymentlaw.com